Dear Department Statton,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following question:
Is the Oklahoma Department of Mental Health and Substance AbuseServices authorized to publicly disclose or otherwise assist inthe public disclosure of the identity of a patient buried at aDepartment hospital cemetery, in the absence of consent by arelative or descendent of the deceased patient, consent of thepatient prior to his or her demise, or a court order permittingthe disclosure of the identity of the patient?
¶ 1 The Oklahoma Department of Mental Health and Substance Abuse Services (the "Department") operates and maintains several residential facilities in this State for persons in need of mental health treatment and treatment for drug and alcohol abuse. See 43A O.S. 1-104/43A O.S. 3-101 (1999). In 1999, the Forty-Seventh Legislature adopted the following concurrent resolution which states, in part:
 "WHEREAS, since 1913 . . . a number of persons who died while confined at Eastern State Hospital have been buried on the hospital grounds; and
 "WHEREAS, due to a lack of funding, the graves of those desolate and friendless individuals have not been properly maintained or marked; and
* * * * * * * *
 "THAT it is the intent of the Oklahoma Legislature that, on or before January 1, 2000, the Department of Corrections work with the Department of Mental Health and Substance Abuse Services to provide inmate labor to provide markers and maintenance for the graves of those individuals buried on the grounds of Eastern State Hospital."
S. Con. Res. 45, 47th Leg., 1st Reg. Sess. (Okla. 1999).
¶ 2 Because the resolution was not submitted to the Governor for approval, it could not become law, and it did not change existing law as to the Department. See McAlester v. Oklahoma Tax Comm'n, 50 P.2d 647, 649-51 (Okla. 1935). Although the resolution is not law, your request states that the Department supports the intent of the resolution to maintain and mark graves located upon hospital grounds, but that the Department may be prohibited by patient confidentiality statutes from placing individual names on such markers without consent.
I. DEPARTMENT RECORDS
¶ 3 The Department operates pursuant to Oklahoma's Mental Health Law (43A O.S. 1-101-43A O.S. 1-113), which provides, in part, for confidentiality of information, as follows:
 "A. All medical records and all communications between physician or psychotherapist and patient are both privileged and confidential. Such information is available only to persons or agencies actively engaged in treatment of the patient or in treatment of a minor child of the patient, or in related administrative work.
 "1. Privileged or confidential information shall not be released to anyone not involved in the treatment programs without a written release by the patient or, if a guardian has been appointed for the patient, the guardian of the patient, or an order from a court of competent jurisdiction. If the patient is a minor child, the written consent of the parent,[1] . . . or public or private child care agency having legal custody of the child is required."[2]
 "C. Upon request, a responsible family member[3] of a patient or former patient, the attorney, guardian or conservator of a patient or former patient, is entitled to the following information from the Department, . . . regarding the person who is the subject of the request:
 "1. Information as to whether the person is or was a patient."
See 43A O.S. 1-109 (1999) (emphasis added).
¶ 4 Pursuant to the Oklahoma Administrative Procedures Act,[4] (See 75 O.S. 250.1(B) (1999)) the Department has promulgated the following administrative rule to implement the above provision:
 "(a) Patient related information held by facilities which are either contained in the medicaid record, or which would identify a specific patient by name (including but not limited to census forms, patient financial account records, receipts, insurance forms, Medicaid/Medicare forms) are confidential and additional confidentiality protections are present for patients being treated for substance abuse. Therefore, information regarding patients is confidential and cannot be released without the written permission of the patient or legal guardian; however, there are exceptions for accrediting and licensing groups or agencies or by order of a court of competent jurisdiction and qualifications as subsequently stated in this section."
OAC 450:15-3-20 (1998) (citations omitted) (emphasis added).
¶ 5 The Oklahoma Administrative Procedures Act provides in part:
 "Rules shall be valid and binding on persons they affect, and shall have the force of law unless amended or revised or unless a court of competent jurisdiction determines otherwise. Except as otherwise provided by law, rules shall be prima facie evidence of the proper interpretation of the matter to which they refer."
See 75 O.S. 308.2(C) (1999).
¶ 6 Because the Department may not release patient related information which identifies a patient by name, it may not disclose or otherwise assist in the public disclosure of the identity of a patient buried at a cemetery maintained by the Department. See OAC 450:15-3-20(a) (1998). Therefore, the Department may not release or use patient related information to publicly identify the grave of a deceased patient located at a cemetery maintained by the Department, unless the former patient gave written consent before death, or unless consent is received from a guardian, an order from a court of competent jurisdiction, a minor child's parent or custodian, or their lawful successors. See 43A O.S. 1-109(A)(1) (1999); OAC 450:15-3-20(a) (1998).
II. RECORDS OF MENTAL HEALTH HEARINGS
¶ 7 Title 43A O.S. 5-410(A) (1999) grants jurisdiction to the district courts to hear cases alleging a person to be mentally ill and in need of treatment. Sections 43A O.S. 5-412 through43A O.S. 5-415 provide for notice, mental evaluations, a judicial hearing, and other detailed procedures before an order is issued by the court determining involuntary treatment. These statutes require confidentiality of the court's records as follows:
 "F. The district court shall make and keep records of all mental health cases brought before it.
 "1. No records of proceedings pursuant to this section shall be open to public inspection except by order of the court or to employees ofthe Department of Mental Health and Substance Abuse Services, the person's attorney of record, or persons having a legitimate treatment interest."
See 43A O.S. 5-415 (1999) (emphasis added).
¶ 8 Although the Department's employees may have access to the court's records of mental health proceedings, information obtained from the court, including a patient's identity to be used for the purpose of marking a patient's grave, may not be released by the Department without an order authorizing such use by the court. See id. 43A O.S. 5-415(F). It should be noted the Department could have similar, if not identical, information in its own departmental records which is not subject to the restriction of Section 43A O.S. 5-415(F); rather, such departmental information is subject to the confidentiality requirements of 43A O.S. 1-109(A) (1999) for patient medical records discussed in Part I above.
III. FEDERALLY ASSISTED PROGRAMS
¶ 9 Your letter states the Department receives federal funds to assist with the Department's drug and alcohol abuse programs. Because federal funds are used in these programs, the Code of Federal Regulations, Title 42, Part 2, imposes restrictions upon the use of patient information. Generally, all information relating to federally assisted patients for drug and alcohol abuse is confidential and may not be disclosed, unless the disclosure is qualified as a limited exception for treatment purposes or unless consent is properly granted on behalf of the patient. See 42 C.F.R. 2.1, 2.2 (1998). Under these rules, "patient identifying information means the name, address, social security number, fingerprints, photograph, or similar information by which the identity of a patient can be determined with reasonable accuracy and speed either directly or by reference to other publicly available information." See 42 C.F.R. 2.11(b) (1995).
¶ 10 These regulations also apply to a deceased patient of a federally assisted drug or alcohol abuse program, and the disclosure of information identifying a decedent as all alcohol or drug abuser is prohibited. See 42 C.F.R. 2.15(b) (1999).[5] Consent to the disclosure may be given by the executor, administrator, or other personal representative appointed under applicable State law; if there has been no such appointment, consent may be given by the patient's spouse, or if none, by any responsible member of the patient's family. Id.
2.15(b)(2).
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Because Senate Concurrent Resolution 45 was not submitted tothe Governor for approval, it could not become law, and it didnot change existing law as to the Department of Mental Health andSubstance Abuse Services. See McAlester v. Oklahoma TaxComm'n, 50 P.2d 647, 651 (Okla. 1935).
2. All medical records and all records of communications betweena physician or psychotherapist and a patient, former patient, ordeceased patient (including names) held by the Department areboth privileged and confidential, and must be kept in strictprivacy or secrecy, unless there is an authorized exception. See43A O.S. 1-109 (1999); OAC 450:15-3-20 (1998). Therefore, theDepartment may not release or use patient related information topublicly identify the grave of a deceased patient located at acemetery maintained by the Department, unless the former patientgave written consent before death, or unless consent is receivedfrom a guardian, an order from a court of competent jurisdiction,a minor child's parent or custodian, or their lawful successors.See 43A O.S. 1-109 (1999); OAC 450:15-3-20 (1998).
3. Although employees of the Department may have access todistrict court records of mental health proceedings, informationobtained from the court, including a patient's identity to beused for the purpose of marking a patient's grave, may not bereleased by the Department without an order authorizing such useby the court. See 43A O.S. 5-415(F) (1999).
4. If federal funds have been used by the Department in its drugor alcohol abuse programs, federal law prohibits the disclosureby the Department of patient information to publicly identify thegrave of a patient treated in such federally assisted drug oralcohol abuse program, unless consent is properly granted.Consent may be given to the Department by the executor,administrator, or other personal representative appointed underapplicable State law; if there has been no such appointment,consent may be given by the patient's spouse, or if none, by anyresponsible member of the patient's family. See 42 C.F.R 2.1,2.2,and 2.15 (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] "Parent" is defined by the Inpatient Mental Health Treatment of Children Act, 43A O.S. 5-501-43A O.S. 5-513 (1999).
[2] See "Children's Records," 10 O.S. 7005-1.1-10 O.S. 7005-1.3 (1999).
[3] "`Responsible family member' means the parent, spouse, adult child, adult sibling, or other adult relative who is actively involved in providing care to or monitoring the care of a person who is a current or former patient. . . . 43A O.S. 2-109(C)(5) (1999).
[4] 75 O.S. 250-75 O.S. 323 (1991-1999).
[5] Federal regulations do not restrict the disclosure of patient identifying information relating to the cause of death of a patient under laws requiring the collection of death and vital statistics or permitting inquiry into the cause of death. See42 C.F.R. 2.15(b)(1) (1999).